# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE C. PENA,** | : | |
| Petitioner | : | **CIVIL ACTION NO. 3:23-0300** |
| v | : | **(JUDGE MANNION)** |
| **WARDEN BARRAZA,** | : | |
| Respondent | : | |

## MEMORANDUM

Jose C. Pena, an inmate in the Allenwood Medium Security Federal Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition).

Pena alleges that the Bureau of Prisons "is 'misinterpret[ing]' the First Step Act by not applying Petitioner with 365 days reduction of his sentence." Id. Specifically, he states that "the BOP has since amended its policy on applying 'FSA' time credits regarding unresolved immigration status" and "courts are now ordering that immigration that have earn time credits of 365 days received them." Id. As such, he requests that the Court order "that his time credits be applied to him." Id. On September 28, 2022, a response was filed arguing that Petitioner is ineligible for FSA time credits, not because of

his immigration status, but because he has been convicted of a certain category of offense that is not eligible for FSA time credits. (Doc. 6).

For the reasons set forth below, the Court will deny the instant petition for writ of habeas corpus.

**I.  Background**

On April 8, 2021, the United States District Court for the Northern District of Indiana sentenced Petitioner to a ninety-seven (97) month term of incarceration for Possession with Intent to Distribute Cocaine. (Doc. 6 at 12). On April 12, 2021, Petitioner was sentenced in the United States District Court for the Western District of Pennsylvania to thirty days (30), to run consecutive to his current sentence, for Possession of Contraband in Prison. (Doc. 6-1 at 9). His current projected release is May 5, 2024, via good time credit. (Doc. 6-1 at 8).

**II.  Discussion**

The FSA allows eligible inmates who successfully complete "Evidence Based Recidivism Reduction" ("EBRR") programs or "Productive Activities" ("PAs") to receive time credits to be applied toward time in prerelease custody or supervised release. See 18 U.S.C. §3632(d)(4)(A), (C). An inmate

can earn ten (10) days of credit for every thirty (30) days of successful participation. See id. §3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. See id. §3632(d)(4)(A)(ii).

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible to earn time credits. See id. §3632(d)(4)(D). If FSA time credits are properly earned by an eligible inmate, application of those time credits to a prisoner's sentence is governed by 18 U.S.C. §3624(g). Among other requirements, to be eligible for application of earned time credits, a prisoner must: (1) have earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"; (2) demonstrate through periodic risk assessments a recidivism risk reduction or maintain a "minimum or low recidivism risk" during the term of imprisonment; (3) have had the remainder of his term of imprisonment computed; and, (4) as pertains to prerelease custody, have been determined under the System to be a minimum or low risk to recidivate pursuant to the last two reassessments of the prisoner or have had a petition

to be transferred to prerelease custody approved by the warden of the prison. See id. §3624(g)(1); see also 28 C.F.R. §523.44(b), (c).

Respondent asserts that Pena is ineligible for earned time credits under the FSA because he has been convicted of a disqualifying offense listed in Section 3632(d)(4)(D). 18 U.S.C. §3632(d)(4)(D) provides that: "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law: ... Section 1791, "relating to providing or possessing contraband in prison." 18 U.S.C. §3632(d)(4)(D)(xxix).

Applying these principles here, the court finds that Petitioner is ineligible for earned timed credits under the FSA based on his disqualifying offense. The BOP's final rule clearly states: "[i]f the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. §3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits." 28 C.F.R. §523.41(d)(2). Because Pena was convicted of an offense enumerated in 18 U.S.C. §3632(d)(4)(D), the BOP properly deemed him ineligible for earned time credits under the FSA. See 18 U.S.C. §3632(d)(4)(D)(xxix). Thus, we cannot grant Pena the relief he seeks.

### III. Conclusion

Based on the foregoing, the Court will deny Pena's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: May 16, 2023**
23-0300-01